**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

SEAN MICHAEL MIDGETTE,                    *

     Petitioner,                                        *

v.                                                                         Case Nos.: GJH-15-281
                                                                                          GJH-17-2279
                                                                  *

UNITED STATES OF AMERICA,

     Respondent.                                     *

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION

Petitioner Sean Michael Midgette was sentenced to 101 months of imprisonment after he pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF Nos. 64, 89. Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 96, and Petitioner's Motion to Appoint Counsel, ECF No. 109. No hearing is necessary to resolve either motion. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is denied and Petitioner's Motion to Appoint Counsel is denied.

## I.    BACKGROUND

On May 20, 2015, Petitioner and his codefendant were charged with conspiracy to commit Hobbs Act robbery ("Count I"); conspiracy to distribute, and possess with intent to distribute, cocaine ("Count II"); conspiracy to possess a firearm in furtherance of a drug trafficking crime and crime of violence ("Count III"); possession of a firearm in furtherance of a

drug trafficking crime and crime of violence ("Count IV"); felon in possession of a firearm ("Count V"); and aiding and abetting with respect to each count. ECF No. 20.

On September 19, 2015, Petitioner pleaded guilty to Counts II and IV. ECF No. 64. With respect to Count II, Petitioner pleaded guilty to the lesser-included offense of conspiracy to distribute, and possess with intent to distribute, 500 or more grams of cocaine. *Id.* With respect to Count IV, he pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime only. *Id.* ("The Defendant also agrees to plead guilty to Count Four of the Indictment, charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)."). On July 18, 2016, the Court sentenced Petitioner to 101 months of imprisonment, consisting of 41 months for Count II and the mandatory minimum consecutive sentence of 60 months for Count IV. ECF No. 89. On the Government's motion, the Court dismissed the remaining counts and the judgment became final on July 20, 2016. *Id.* Petitioner did not file a notice of appeal, so his convictions became final fourteen days after entry of judgment on August 3, 2016, when Petitioner's time to file a notice of appeal expired.

On August 7, 2017, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 96,[1] and he filed an addendum to the Motion on May 14, 2018, ECF No. 102. The Government filed a response on October 17, 2017, in which it argued that the Motion must be dismissed as untimely. ECF No. 100. On October 12, 2018, the Court ordered Petitioner to respond to the Government's timeliness argument within twenty-eight days. ECF No. 104. Petitioner filed his response on August 2, 2019. ECF No. 105. On October 24, 2019, Petitioner filed a Motion to Appoint Counsel, which he supplemented on December 16, 2019. ECF Nos. 109, 110.

---

[1] The Motion was not docketed until August 14, 2017.

## II.    DISCUSSION

### A.  Timeliness

The Government contends that Petitioner's Section 2255 Motion must be denied because it is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a one-year statute of limitations applies to petitions filed pursuant to 28 U.S.C. § 2255; that period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Wall v. Kholi*, 562 U.S. 545, 549 (2011). Where a defendant does not appeal the judgment against him, AEDPA's statute of limitations begins to run fourteen days after the entry of judgment, when the time for seeking direct review expires. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Mederos v. United States*, 218 F.3d 424, 427 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *United States v. Wilson*, 256 F.3d 217 (4th Cir. 2001) (Michael, J., concurring) (stating that conviction became final after expiration of time to seek direct review).

Here, the Court entered judgment against Petitioner on July 20, 2016. ECF No. 89. Petitioner then had fourteen days to file a notice of appeal, which he failed to do. *See* Fed. R. App. P. 4(b)(1)(A). His conviction therefore became final on August 3, 2016. He did not file his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 until August 7, 2017, more than a year after his conviction became final.

Petitioner contends that the one-year limitations period should be equitably tolled so that he has the opportunity to demonstrate that he is actually innocent of the crimes to which he pleaded guilty. AEDPA's one-year limitation period is "subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be

unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704
(4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Because
equitable tolling applies only in "extraordinary circumstances," *see Holland v. Florida*, 560 U.S.
631, 634 (2010), a "litigant seeking equitable tolling bears the burden of establishing two
elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way." *Battle v. Ledford*, 912 F.3d 708, 718 (4th Cir. 2019) (quoting
*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). In order to
apply equitable tolling based on a claim of actual innocence, the petitioner must present reliable,
newly-discovered evidence that was not known at trial and persuade the district court that "in
light of the new evidence, no juror, acting reasonably, would have voted to find him guilty
beyond a reasonable doubt." *Hayes v. Carver*, 922 F.3d 212, 216 (4th Cir. 2019) (citing *Schlup v.
Delo*, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). Here, Petitioner does not
present any newly-discovered evidence, but makes only legal arguments as to why he is actually
innocent of the crimes to which he pleaded guilty. *See* ECF No. 105 at 2–3. He is therefore not
entitled to equitable tolling based on an actual innocence claim.

Petitioner also attempts to excuse his untimely filing by invoking the Supreme Court's
decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF No. 105 at 2. In *Davis*, the
Supreme Court considered the residual clause of the definition for "crime of violence" found in
18 U.S.C. § 924(c)(3)(B) and invalidated it as unconstitutionally vague. 139 S. Ct. at 2324.
Petitioner argues that the Court should apply *Davis* to invalidate his conviction under Count IV
for possession of a firearm in furtherance of a drug trafficking crime and crime of violence. This
argument fails, however, because Petitioner pleaded guilty only to possession of a firearm in
furtherance of a drug trafficking crime, supported by his conviction in Count II for conspiracy to

distribute, and possess with intent to distribute, 500 or more grams of cocaine. *See* ECF No. 64 ¶ 1.[2] The holding in *Davis* does not concern the definition of a drug trafficking crime, *see, e.g.*, *United States v. Ross*, 793 F. App'x 334 (5th Cir. Feb. 12, 2020) (per curiam), so it cannot excuse Petitioner's untimely filing. Petitioner filed his Section 2255 Motion more than a year after the judgment against him became final, so his Motion is time-barred under AEDPA and is denied.

## III.   MOTION TO APPOINT COUNSEL

Petitioner requests that the Court appoint him counsel in this matter. ECF Nos. 109, 110. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint an attorney to represent any person proceeding *in forma pauperis* who is "unable to afford counsel." In civil actions, however, the Court appoints counsel only in "exceptional" circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Here, Petitioner has not proffered any bases for his request for appointment of counsel, so he has failed to demonstrate the necessary "exceptional" circumstances. He has adequately presented his claim, and the Court has concluded that his case need not proceed to discovery or a hearing. For these reasons, appointment of counsel is not warranted and Petitioner's Motion to Appoint Counsel is denied.

[2] Although the Judgment and Commitment Order, consistent with the Indictment but potentially the result of a scrivener's error, does state that defendant was convicted of "Possession of a Firearm in Furtherance of a Drug Trafficking Crime *and* a Crime of Violence", ECF No. 89 at 1 (emphasis added), the statute Petitioner was convicted of clearly lists Drug Trafficking Crime and Crime of Violence as alternative predicates, 18 § 924 (c). Thus, Petitioner's plea to Possession of a Firearm in Furtherance of a Drug Trafficking Crime was sufficient under the statute and a predicate crime of violence was unnecessary to support the conviction.

IV.     **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied and Petitioner's Motion to Appoint Counsel is denied. A separate Order shall follow.

Date: <u>April     16, 2020</u>                              ___/s/_____

GEORGE J. HAZEL
United States District Judge